IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GEORGE RAY HOLMES | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv24 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner George Ray Holmes, an inmate confined at the Gist Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On December 7, 2016, following a trial by jury in the 159th District Court of Angelina County, Texas, petitioner was found guilty of two counts of evading arrest or detention with two prior felony convictions used for enhancement of punishment. Petitioner was sentenced to a term of thirteen years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division for each count, to be served concurrently to each other and consecutively to his sentence in cause number 2016-0197.

Petitioner filed a direct appeal challenging his convictions. On appeal, the Twelfth Court of Appeals affirmed petitioner's convictions. *Holmes v. State*, No. 12-16-00322-CR, slip op. (Tex. App. - Tyler 2018, pet ref'd). Petitioner then filed a petition for discretionary review to the Texas Court of Criminal Appeals. On July 25, 2018, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review.

On November 9, 2018, petitioner filed a state application for writ of habeas corpus. The application was denied without written order by the Texas Court of Criminal Appeals on December 18, 2019.

## The Petition

Petitioner filed this petition for writ of habeas corpus asserting the following grounds for review: (1) he was denied the effective assistance of counsel because counsel failed to investigate his psychological history after petitioner made him aware of an evaluation prior to trial; (2) his sentence is illegal because it is based on an improper enhancement; (3) trial counsel had a conflict of interest because counsel was employed as the Assistant District Attorney during the course of petitioner's direct appeal; and (4) appellate counsel was ineffective for failing to raise additional grounds on direct appeal.

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts a general denial, denying all of petitioner's assertions of fact, except those supported by the record or specifically admitted in the response. The respondent contends the petition should be dismissed because petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the respondent asserts that the petition should be denied and dismissed with prejudice.

## Factual Background

The Twelfth Court of Appeals set forth the following statement of facts on direct appeal:

> On October 29, 2015, a citizen contacted the Lufkin police department to report suspicious activity at a local car wash. Officer Caleb Forrest with the Lufkin Police Department responded to the call and contacted an individual at the car wash about five minutes later. Corporal Perez Sobolewski, also with the Lufkin Police Department, arrived to assist. The individual identified himself as [Petitioner] and gave Forrest his work identification card. Forrest patted [Petitioner] down and located

what he believed to be a pill bottle in his jacket. Forrest asked to see the bottle. [Petitioner] reached into his pocket, turned, and fled. The officers gave chase but soon lost him and ended their pursuit. A warrant was issued for [Petitioner's] arrest.

On November 8, Lufkin Police Officer Quinton McClure stopped a bicyclist for going south in a northbound traffic lane without lights on his bicycle. The cyclist identified himself to McClure as "Calvin Jones." Officer Forrest arrived to assist. He immediately recognized [Petitioner]'s face and jacket from the previous incident in October. When [Petitioner] saw Forrest, he ran from the scene. The officers chased [Petitioner] about five blocks before they lost sight of him after he jumped a fence. Meanwhile, other officers had begun looking for [Petitioner]. Using an infrared device, Corporal Sobolewski located him hiding in a backyard under a tarp.

The State charged [Petitioner] with two counts of evading arrest or detention, enhanced by two prior convictions. [Petitioner] pleaded "not guilty" to the charged offenses and "not true" to the enhancements. The jury found [Petitioner] guilty of both counts of evading, found the enhancement paragraphs "true," and assessed [Petitioner's] punishment at imprisonment for thirteen years in each count.

*Holmes*, No. 12-16-00322-CR, slip op. at *1-2.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. *See* 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the State court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

<u>Analysis</u>

I. *Ineffective Assistance of Counsel*

Petitioner claims he was denied the effective assistance of counsel at trial because counsel failed to investigate his psychological history after petitioner made him aware of an evaluation prior

to trial. Additionally, petitioner alleges appellate counsel was ineffective for failing to raise additional grounds on direct appeal.

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

"To show deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). "Counsel's performance is judged based on prevailing norms of practice, and judicial scrutiny of counsel's performance must be highly deferential to avoid 'the distorting effects of hindsight.'" *Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2015) (quoting *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009)). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that

5

"every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). Further, a "petitioner must affirmatively prove, not just allege, prejudice." *Id*. (internal quotation omitted). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington*, 562 U.S. at 111. To satisfy the prejudice prong, "[t]he likelihood of a different result must be substantial, not just conceivable." *Id.* at 512.

If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

A.  Trial Counsel - Investigation

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would

have changed the outcome of the trial. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Petitioner claims trial counsel was ineffective for failing to investigate his psychological history after petitioner made him aware of a prior mental evaluation prior to trial. In this case, no factual findings were made by the state court. As set forth above, this court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young,* 356 F.3d at 629; *Valdez,* 274 F.3d at 948 n. 11.

The record reveals that counsel was prepared for trial, had reviewed the available discovery and evidence, visited the scene of the offense, and had met with petitioner on numerous occasions. SHCR (ECF No. 16-12 at *66-69). It appears counsel had reviewed and was aware of the evaluation complained of; however, counsel made a strategic decision not to present evidence during the guilt/innocence phase of the trial. SCHR (ECF No. 16-14 at *94). Instead, counsel presented petitioner's mental and medical history during the punishment phase of the trial in an effort to mitigate punishment and receive a sentence at the lower end of the punishment range. SHCR (ECF No. 16-12 at *153-156). Petitioner has failed to show how counsel's strategic decision was deficient or any related prejudice given the limited value of the mental health evidence in this case.

After reviewing the trial and habeas records, the state habeas court found trial counsel had rendered effective assistance of counsel to petitioner. Petitioner has failed to satisfy his burden of showing counsel's performance was deficient in this regard. Further, given the overwhelming

evidence against him, petitioner has failed to allege or demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

### B.  Conflict of Interest

Petitioner also argues that trial counsel had a conflict of interest because counsel was employed as the Assistant District Attorney during the course of petitioner's direct appeal. Petitioner argues that trial counsel had a constructive conflict of interest because he was anticipating starting a new job within the district attorney's office during petitioner's trial, and counsel had started the new job during petitioner's direct appeal.

While the Sixth Amendment guarantees a defendant the right to counsel not burdened by an actual conflict of interest, petitioner has not shown an actual conflict of interest. *See Cuyler v. Sullivan*, 466 U.S. 335, 350 (1980); *United States v. Gutierrez*, 548 F. App'x 181, 188-89 (5th Cir. 2013). In this case, Mr. John Peralta was appointed on April 26, 2016 to represent petitioner at trial. SHCR ECF No. 16-12 at *6. The trial concluded on December 7, 2016 and petitioner's sentence was pronounced. *Id.* at *9. On December 8, 2016, Mr. John D. Reeves was appointed as counsel for petitioner on appeal. *Id*. Mr. Peralta did not represent petitioner on direct appeal and was not appointed as an Assistant District Attorney until after the conclusion of petitioner's trial. Moreover, Mr. Peralta did not appear as counsel for the state in contesting petitioner's direct appeal.

As set forth above, trial counsel did not represent petitioner while he was an Assistant District Attorney, and petitioner has therefore failed to identify an actual conflict of interest. In order to

8

prevail, a petitioner must demonstrate an actual conflict, possible or hypothetical conflicts are not enough. *See Perillo v. Johnson*, 205 F.3d 775, 802 (5th Cir. 2000). Further, the Fifth Circuit has held that the standard set forth in *Cuyler* applies only to claims of ineffective assistance of counsel resulting from conflicts of interest caused by multiple representation. *See United States v. Newell,* 315 F.3d 510, 516 (5th Cir. 2002); *Beets v. Scott*, 65 F.3d 1258, 1270-72 (5th Cir. 1995). Because petitioner does not identify a conflict of interest caused by multiple representation, the *Strickland* standard applies. Petitioner, however, has not alleged facts or evidence showing either that counsel rendered deficient performance or that he was prejudiced as a result.

After reviewing the records in this case, the state habeas court found trial counsel had rendered effective assistance of counsel to petitioner. Petitioner has failed to satisfy his burden of showing counsel's performance was deficient in this regard. Further, given the overwhelming evidence against him, petitioner has failed to allege or demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

C. Appellate Counsel

Petitioner claims he was denied effective assistance of counsel on appeal because appellate counsel failed to raise additional claims on direct appeal. Petitioner contends there were errors not addressed which were stronger than those raised by appellate counsel on direct appeal.

A claim asserting ineffective assistance of appellate counsel is reviewed under *Strickland*'s performance and prejudice prongs. *See Henderson v. Quarterman,* 460 F.3d 654, 665 (5th Cir. 2006)

(recognizing that *Strickland* applies to ineffective assistance of appellate counsel claims). A petitioner alleging ineffective appellate representation "must first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal - that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and then "demonstrat[e] prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure ... he would have prevailed on his appeal." *Smith v. Robbins,* 528 U.S. 259, 285-86 (2000). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. at 288 (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). Thus, it is possible that an ineffective assistance claim may be "based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.* (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)). To demonstrate that a failure to raise an issue was deficient, a petitioner must show that a particular nonfrivolous issue was clearly stronger than issues that counsel did present. *Id.* In order to determine whether appellate counsel was deficient, the court must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

Petitioner contends there were errors not addressed which were stronger than those raised by appellate counsel on direct appeal. Petitioner, however, has failed to show counsel's challenge to any of his points would have been sufficiently meritorious such that counsel should have raised it on appeal.

The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding appellate counsel's performance. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that appellate counsel's representation was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

II.     *Improper Enhancement*

Next, petitioner alleges his sentence is illegal because it is based on an improper enhancement. However, petitioner's claim fails to state a cognizable claim on federal habeas corpus review.

Whether an offense has been properly enhanced is generally a matter of state law. *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *see also Hazlip v. Davis*, 2017 WL 4280727, at *7 (S.D. Tex. Sept. 27, 2017) ("The respondent correctly notes that whether Hazlip's sentence as properly enhanced turns on the state court's interpretation of its own laws. That does not raise a federal constitutional claim and is not subject to federal habeas corpus review."). Federal habeas corpus relief will not issue to correct errors of state law unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Petitioner's complaint about the alleged improper use of a prior conviction to enhance his current sentence does not present a cognizable federal issue. Therefore, petitioner's claim should be denied. Moreover, as the respondent asserts, petitioner's prior prison sentences were correctly charged as state-jail felonies and properly enhanced to second-degree felonies for punishment purposes.

Petitioner has failed to satisfy his burden of proof regarding the state court findings. For the reasons set forth above, petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

Recommendation

The above-styled petition for writ of habeas corpus should be denied and dismissed.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 21st day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge